UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SP PLUS LLC, <br><br> Plaintiff, <br><br> v. <br><br> JERIES TADROS, <br><br> Defendant. | Case No. 1:25-cv-05825 <br><br> DEMAND FOR JURY TRIAL |

**DEFENDANT JERIES TADROS'S MOTION TO DISMISS COMPLAINT *IN PART***

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Jeries Tadros ("Defendant" or "Tadros") submits this Motion[1] to dismiss in part SP Plus, LLC's ("Plaintiff" or "SP Plus") complaint, ECF No. 1, (the "Complaint") and states:

**I.  Background**

1.  Defendant Jeries Tadros is a resident of Orland Park, Illinois and is currently employed as Senior Business Development Manager by LAZ Parking, LLC ("LAZ").

2.  Prior to joining LAZ, Tadros worked at SP Plus, one of LAZ's competitors, in several roles going back approximately 16 years, all in Chicago.

---

[1] In compliance with the Court's requirements and customs, undersigned counsel conferred with counsel for Plaintiff by email in advance of filing this Motion. Plaintiff opposes the Motion and requests to have 28 days to respond due to upcoming previously planned travel. Defendant has no objection to this and request the Court's standard 10 days to file a reply brief.

3. On October 1, 2021, SP Plus promoted Tadros to the role of Regional Manager I. *See* ECF No. 1-1 at 1. In that position, Tadros was responsible for managing parking and related services for assigned SP Plus customers in Chicago.

4. SP Plus also presented Tadros a document titled "SP+ and Its Affiliated Entities Agreement Regarding Confidentiality and Non-Competition" (the "Restrictive Covenant"). ECF No. 1-1 at 3.

5. Relevant to the Motion, Section 3(a) of the Restrictive Covenant (the "Non-Solicitation Provision") states that during Tadros' employment and for a period of 12 months thereafter he will not "directly or indirectly, on behalf of [himself] or any other person, company, or entity **solicit or participate in soliciting any person, company or entity** for products or services competitive with or similar to products or services offered by, developed by, designed or distributed by [SP Plus], **if that person, company or entity was a customer or potential customer of [SP Plus]** for such products or services **with which [Tadros] had direct contact or about which [Tadros] learned confidential information** related to such products of services at any time **during the 12 months preceding the termination of [his] employment with [SP Plus]."** Restrictive Covenant at § 3(a), ECF No. 1-1 at 5 (bolding added).

6. Section 3(b) of the Restrictive Covenant (the "Direct Non-Compete Provision") states that "during [Tadros'] employment with [SP Plus], and for a period of 12 months thereafter, [Tadros] will not, directly or indirectly, on behalf of [himself] or any other person, company or entity, offer, provide or sell or participate in offering, providing or selling, products or services competitive with or similar to products or services offered by, developed by, designed by or distributed by [SP Plus] **to any person, company or entity which was a customer or potential customer of [SP Plus] for such products or services and with which [he] had direct contact**

**regarding such products or services at any time during the 12 months preceding the termination of [his] employment with [SP Plus]."** Restrictive Covenant at § 3(b), ECF No. 1-1 at 5 (bolding added).

7. Section 3(c) of the Restrictive Covenant (the "Indirect Non-Compete Provision") states that during Tadros' employment "and for a period of 12 months thereafter, [Tadros] will not . . . **be employed by any entity which is in competition with [SP Plus] within a 75 mile radius of any of [SP Plus's] offices from which [Tadros] worked during the 12 months preceding the termination of [his] employment with [SP Plus]."** Restrictive Covenant § 3(c), ECF No. 1-1 at 5 (bolding added).

## II.  Plaintiff's Contractual Claims

8. SP Plus's Complaint in this matter, filed on May 23, 2025, includes a breach of contract claim at Count I, which alleges that Tadros violated the Non-Solicitation, Direct Non-Competition, and Indirect Non-Competition Provisions of the Restrictive Covenant.

9. As more fully explained in Tadros's Brief in Support of Motion to Dismiss the Complaint in Part (the "Brief in Support"), which Tadros incorporates as though fully set forth herein, SP Plus failed to allege specific, non-conclusory facts to support a plausible claim that Tadros breached the Non-Solicitation Provision or the Direct Non-Compete Provision of the Restrictive Covenant.

10. Instead of alleging in the Complaint facts sufficient to provide notice of the restricted customer and potential customer that Plaintiff accuses Tadros of improperly soliciting, Plaintiff on its own accord improperly redacted their names and substituted for each only the pseudonyms "Customer A" and "Customer B." Compl., ECF No. 1 at ¶¶ 41–48.

11. Filing a redacted Complaint without first requesting and obtaining leave of Court to not disclose the identities of "Customer A" and "Customer B" was improper under Local Rule 26.2 as well as the Court's practices and procedures for confidentiality orders, and was violative of Tadros' due process rights and the public's right to access judicial records. *See Doe v. Cook Cnty., Ill.*, 542 F.Supp.3d 779, 784 (N.D. Ill. 2021) (discussing the right to public access of judicial records).

12. Local Rule 26.2 provides that for good cause shown the Court may enter an order directing that one-or-more documents be restricted but that "[n]o attorney or party may file a restricted document without prior order of the court specifying the particular document or portion of a document that may be filed as restricted." Here, Plaintiff filed the Complaint in which it unilaterally hid the names of "Customer A" and "Customer B" from Defendant and the public and did so without first seeking (let alone obtaining) leave from the Court upon a showing of good cause.

13. For this reason alone, the Court should dismiss from the Complaint all allegations and claims involving "Customer A" and "Customer B."

14. Additionally, as described in Defendant's Brief in Support, the Complaint fails to allege other facts related to "Customer A" and "Customer B" necessary to make plausible Plaintiff's claims that Tadros violated the Non-Solicitation and Direct Non-Competition provisions (3(a) and 3(b)) of the Restrictive Covenant. Such notable omissions include any allegation that Tadros had direct contact with or learned confidential information about "Customer A" or "Customer B" within the last twelve months of his employment at SP Plus, which is required for them to fall within the terms of the contractual restrictions as written.

15. Moreover, the Indirect Non-Compete Provision of the Restrictive Covenant (Restrictive Covenant § 3(c), ECF No. 1-1 at 5) is plainly over broad and not enforceable under applicable Illinois law. *See* Compl. ¶¶ 10, 56–72. That provision of the Restrictive Covenant purports to prohibit Tadros from being employed for 12 months post-employment in any capacity, anywhere in the world, by LAZ or any other competitor of SP Plus who happens (as LAZ does) to operate within 75 miles of SP Plus's Chicago office where Tadros previously worked. *See* Compl., ECF No. 1 at ¶¶ 24–26, 39, 57–59.

16. Plaintiff should not be able to hold over Tadros' head like a proverbial anvil this Complaint allegation that his mere employment with LAZ in any capacity, and working on LAZ business opportunities exclusively outside of Illinois, violates an enforceable provision of his Restrictive Covenant.

17. Rather, the Court should find the Indirect Non-Compete Provision in Section 3(c) of the Restrictive Covenant to be unenforceable as written under Illinois law, dismiss Paragraphs 25 and 58 from the Complaint with prejudice.

WHEREFORE, Defendant Jeries Tadros respectfully request that the Court dismiss Count I ("Breach of Contract") of the Complaint, ECF No. 1.

Dated: July 29, 2025            Respectfully submitted,

*/s/ Carolyn O. Boucek*
Michael S. Ferrell (ARDC 6277458)
Carolyn O. Boucek (ARDC 6346817)
Epstein Becker Green, P.C.
227 W. Monroe Street, Suite 4500
Chicago, IL 60606
mferrell@ebglaw.com
cboucek@ebglaw.com
*Counsel for Defendant Jeries Tadros*

**CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that a true and correct copy of the foregoing was served on all counsel of record via ECF on the date of filing as follows:

Timothy D. Elliott
Raymond J. Sanguinetti
RATHJE WOODWARD LLC
300 E. Roosevelt Road, Suite 220
Wheaton, Illinois 30187
telliott@rathjelaw.com
rsanguinetti@rathjelaw.com

Stephen D. Riden
BECK REED RIDEN, LLC
155 Federal Street, Suite 1302
Boston, Massachusetts 02110
sriden@beckreed.com

*Counsel for Plaintiff*

          */s/ Carolyn O. Boucek*
          Carolyn O. Boucek
          *Counsel for Defendant Jeries Tadros*